J-A27044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RACHID SALADHINE AND KATERINA SALADHINE H/W AND JAMES RUFFIN AND DENISE RUFFIN H/W | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| AMANDA MCCLEAN | : : : | No. 648 EDA 2018 |
| APPEAL OF: RACHID SALADHINE AND JAMES RUFFIN | : : | |

Appeal from the Judgment Entered February 23, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  January Term, 2016, No. 1956

BEFORE:    BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 09, 2019**

Richard Saladhine appeals from the judgment entered on February 23, 2018, in favor of Amanda McClean, following an action arising from a motor vehicle accident. Saladhine challenges the weight of the evidence and asserts that defense counsel made prejudicial and improper comments during closing arguments. We affirm.

The court aptly set forth the relevant facts as follows:

This case involves a multi-vehicle accident which occurred January 30, 2014, in Philadelphia. [Saladhine and James Ruffin] were stopped at a red light. Two vehicles were stopped behind [Saladhine's] vehicle. [McClean] was driving in the same lane and direction as the three cars, failed to stop and struck the last car in line. The impact caused a chain reaction: [McClean] hit the third

vehicle, the third vehicle hit the car behind [Saladhine], and that car struck [Saladhine's] car.

Plaintiffs are personal injury claimants [Saladhine], who was the driver, James Ruffin, a front seat passenger, and consortium claimant Denise Ruffin ("Plaintiffs").[1] Plaintiffs presented the following witnesses: Saladhine, Saladhine's treating chiropractor Raymond Wisdo, D.C.; Saladhine's radiologist, Michael Brooks, M.D.; James Ruffin; Ruffin's treating chiropractor, Robert J. Nyahay, D.C.; Denise Ruffin; and fact witness William Kelly.

McClean admitted she was negligent. The jury was charged with deciding whether Plaintiffs proved that [McClean's] negligence was the factual cause of their injuries. The jury found in favor of [McClean].

Tr. Ct. Op., June 13, 2018, at 3-4.

After the jury returned a verdict in favor of McClean on September 13, 2017, Plaintiffs filed a post-trial motion on September 21, 2017. After a hearing, the trial court denied the motion on January 19, 2018 and the instant timely appeal followed.

Saladhine raises the following issues for our review:

1) Did the trial court commit an error of law/abuse of discretion in failing to order a new trial on damages, where the parties stipulated that [McClean] was negligent, and [Saladhine's] "uncontroverted" expert medical evidence established that Saladhine suffered an objective injury—a herniated disk at L3-4, as a result of [McClean's] negligence?

2) Did the trial court commit an abuse of discretion in failing to order a new trial on damages, where defense counsel prejudiced the jury during closing argument by making improper comments, including accusations that [Saladhine's]

_____

[1] We note that although she originally filed a claim for loss of consortium, Katerina Saladhine, Saladhine's wife, withdrew her claim in April 2017. James Ruffin and Denise Ruffin are not pursing an appeal and are not parties to the instant case.

medical providers and attorney were in "cahoots" and referencing as established evidence a 2011 accident that never happened, and the trial courts curative instruction did not address the improper comments and failed to cure the taint?

Saladhine's Br. at 4.

In Saladhine's first issue he argues that he provided uncontroverted evidence that McClean's negligence caused him to suffer a disc herniation in his spine impinging on his nerve resulting in chronic pain. He notes that while he presented the testimony of two medical experts, McClean did not counter with any witnesses of her own. Moreover, Saladhine contends that McClean failed to undermine his expert's testimony through cross-examination. Therefore, Saladhine avers that the trial court erred by failing to award him a new trial on the issue of damages related to his "uncontroverted" injury.

Conversely, the trial court emphasized that Saladhine's chiropractor, Raymond Wisdo, testified that Saladhine's range of motion was normal by the time of his final exam in July 2014 and that he was never limited from work or other activities. Tr. Ct. Op. at 8. Further, the trial court noted that Dr. Wisdo admitted that he did not know that Saladhine had injured his shoulder playing tennis prior to the accident at issue or that he had previously experienced neck pain and radiculopathy. *Id.* In addition, the court pointed out that Saladhine's second medical expert, Michael Brooks, M.D., conceded that he could not say when Saladhine had herniated his disc and, although he had reviewed Saladhine's cervical MRI, he could not recall his findings. *Id.* Thus, the trial court determined that the jury was well within its purview when it concluded that Saladhine did not establish that the motor vehicle accident at

issue caused him any "compensable injury" and thus a new trial was not warranted. We agree.

Trial courts have broad discretion to grant or deny a new trial. **_Harmon v. Borah_**, 756 A.2d 1116, 1121 (Pa. 2000). However, a court should only order a new trial when a mistake at trial causes the complaining party to suffer prejudice. **_Id._** at 1122. Saladhine's argument regarding the significance of the medical testimony constitutes a challenge to the weight of the evidence. When presented with a weight of the evidence claim, this Court reviews "the trial court's exercise of discretion, not . . . the underlying question of whether the verdict is against the weight of the evidence." **_Brown v. Trinidad_**, 111 A.3d 765, 770 (Pa.Super. 2015). Further, when reviewing a weight claim "[b]ecause the trial judge had had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial [court]. . . ." **_Id._** Indeed, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence. . . ." **_Id._**

In addition, it is beyond cavil that a jury is permitted to believe all, part, or none of the evidence and is charged with determining the credibility of the witnesses. **_Haan v. Wells_**, 103 A.3d 60, 70 (Pa.Super. 2014). Particularly relevant here, a jury is not bound by the testimony of expert witnesses and the weight to be given to such testimony is a matter left to the jury. **_Mattox v. City of Philadelphia_**, 454 A.2d 46, 53 (Pa.Super. 1982).

In the instant case, ample evidence supported the trial court's decision to deny Saladhine a new trial on the issues of causation and damages. As noted above, the cross-examination of Saladhine's medical experts highlighted uncertainties regarding Saladhine's alleged injuries and their causation. For instance, McClean's trial counsel was able to cast doubt on the testimony of Dr. Wisdo by revealing that the doctor did not know about Saladhine's previous similar injuries nor did the doctor limit any of Saladhine's activities in light of any lingering injury. Further, defense counsel got Dr. Brooks to admit that he could not determine when Saladhine had herniated his disc. Therefore, because the jury, as the fact finder, was free to believe some, part or all of the medical testimony, it could properly conclude that Saladhine did not suffer any compensable injury as a result of the motor vehicle accident. Therefore, we hold that the trial court did not abuse its discretion by finding that the jury's verdict was not against the weight of the evidence and that a new trial was not warranted. Thus, we conclude that Saladhine's first issue lacks merit.

Turning to his second issue, Saladhine contends that the trial court erred by failing to order a new trial due to the alleged improper and prejudicial remarks made by defense counsel during closing arguments. Saladhine's overarching contention is that defense counsel improperly insinuated that the sole motive behind Saladhine's claim was financial, that he had not been injured at all, and that his doctors were part of the scheme. Saladhine asserts that defense counsel repeatedly asserted this theory throughout cross-

examination at trial, which culminated in what McClean contends were improper remarks made during closing. Specifically, McClean cites the following statements/insinuations made during defense counsel's closing argument: 1) The medical care Saladhine sought was only done for purposes of litigation; 2) Defense counsel and the doctors at issue were in "cahoots"; 3) Dr. Wisdo's medical practice also owned the MRI facility "so ching ching, lets send him for an MRI"; 4) Referring to other MRI reports not testified to as an attempt by the defense to "hide information"; and 5) Referring to medical records that could be interpreted as indicating that Saladhine was involved in a motor vehicle accident in 2011. N.T., 9/13/17, at 32, 34, 35, 38.

The trial court responds that the jury was properly instructed that counsel is permitted to draw inferences from the evidence but such inferences do not constitute evidence and are not binding. Tr. Ct. Op. at 12. Moreover, the trial court found that the remarks at issue were not sufficiently prejudicial as to require a new trial. *See id*. We agree.

First we agree with McClean that because Saladhine's trial counsel did not object to the first four statements he raises on appeal during the closing argument itself, we should consider his claims thereby waived. Indeed, the failure to object to an opposing party's closing argument necessitates waiver on appeal. *Sutch v. Roxborough Memorial Hospital*, 151 A.3d 241, 253 (Pa.Super. 2016) (holding failure to object during closing constitutes waiver). Thus, we agree with McClean that Saladhine's arguments regarding defense

counsel's closing, at least the first four examples that he sets forth, are instantly waived due to trial counsel's failure to object at trial.[2]

In any event, even if these claims had been properly preserved, we would conclude that the trial court correctly declined to grant a new trial based upon any alleged improper remarks defense counsel made during closing. "[T]here are certain instances where the comments of counsel are so offensive or egregious that no curative instruction can adequately obliterate the taint," and a trial court may grant a new trial in such circumstances. ***Siegal v. Stefanyszyn***, 718 A.2d 1274, 1277 (Pa.Super. 1998). Conversely, as noted by the trial court, during a closing argument counsel may make statements that may or may not be justified by the record and that may or may not have a prejudicial effect on the jury. ***See Ferguson v. Morton***, 84 A.3d 715, 724 (Pa.Super. 2013). Nevertheless, the trial judge is in the best position to observe the atmosphere of the courtroom and thus whether the jury has been unduly prejudiced by the remarks. ***Id***.

---

[2] McClean also maintains that Saladhine's claims should be waived for two other reasons: 1) Saladhine failed to ensure that the transcript of the oral argument regarding his post-trial motion was included in the certified record, and 2) Saladhine's Pa.R.A.P. 1925(b) statement was impermissibly vague as to the exact statements made during closing arguments which he intended to challenge. We decline to find waiver on either basis. Specifically, we conclude that the transcript of oral argument on Saladhine's post-trial motion is unnecessary for the instant review because Saladhine's appellate issues are based upon the trial transcript which has been included in the certified record. Next, we determine that Saladhine's Rule 1925(b) statement was sufficient to identify his issues presented on appeal because our appellate review has not been impeded.

In the instant case, the trial court properly found that defense counsel's remarks during closing argument did not unduly influence the jury. Tr. Ct. Op. at 12. A review of the record shows that counsel argued that the jury should draw permissible inferences from the evidence, including the possible bias and financial motive of the witnesses, and the trial court properly instructed the jury that such argument is not binding and does not constitute evidence. N.T., 9/13/17 at 8-9. **See In re Smith**, 579 A.2d 889, 896 (Pa.Super. 1990) (stating the jury is presumed to have followed the directions of the court regarding "a proper evaluation and weighing of the evidence.") Therefore, we conclude that the trial court did not abuse its discretion by declining to grant Saladhine a new trial based upon defense counsel's remarks during closing arguments. **See Ferguson**, 84 A.3d at 724; **Harmon**, 756 A.2d at 1121. Thus, Saladhine's second issue on appeal also does not warrant relief. Accordingly, we affirm the trial court's judgment in favor of McClean.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19